UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| **Gerald Delligatti,** § | | |
| Plaintiff, § | | |
| § | Case No.: 5:22-cv-663 | |
| v. § | | |
| § | | |
| **ARS National Services, Inc.** § | Complaint and Demand for Jury Trail | |
| Defendant. § | | |

## COMPLAINT

Plaintiff Gerald Delligatti ("Plaintiff") files this Complaint against Defendant ARS National Services, Inc., ("Defendant") for violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* ("FDCPA''), and in support thereof, states as follows:

## INTRODUCTION

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to personal bankruptcies, marital instability, the loss of jobs, and invasions of individual privacy. Congress wrote the FDCPA to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. Plaintiff, by his attorneys, brings this action to challenge the actions of Defendant with regard to its attempts to unlawfully and abusively collect a debt alleged owed by Plaintiff, which conduct caused Plaintiff actual damages, including out-of-pocket damages and severe emotional distress.

3. Plaintiff makes these allegations on information and belief, except for those

allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While the Complaint describes violations with specificity below, this Complaint alleges violations of the FDCPA in its entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendant took place in Texas.

6. Any violation by Defendant was knowing, willful, and intentional, and Defendant did not maintain reasonable procedures adapted to avoid any such violation.

7. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION & VENUE

8. This case arises out of Defendant's numerous and egregious violations of the FDCPA, 15 U.S.C. § 1692, *et seq*. Subject matter jurisdiction of this Court exists under 28 U.S.C. § 1331.

9. Personal jurisdiction is established because Defendant conducts business within the state of Texas

10. Venue is proper pursuant to 28 U.S.C. § 1391(b) for the following reasons: (i) Plaintiff resides in San Antonio, Texas, wherein this judicial district lies; (ii) the conduct complained of herein occurred within this judicial district; and (iii) at all relevant times, Defendant conducted business within this judicial district.

## PARTIES

11. Plaintiff is a natural person who resides in San Antonio, Texas.

12. Defendant is, and at all times mentioned herein was, a corporation registered and formed under the laws of the State of California with a primary place of business and/or headquarters is located at 270 W 2nd Ave Escondido, CA 92025. Plaintiff further alleges that, at all relevant times, Defendant conducted business within the state of Texas and in this Judicial District.

## FACTUAL ALLEGATIONS

13. Sometime prior to June 2021, Plaintiff is alleged to have incurred a debt with CitiBank, N.A. in the amount of $6,074.63 (the "Debt").

14. Sometime thereafter but prior to June 2021, Plaintiff allegedly fell behind on the payments owed on the Debt, and the Debt was transferred from Citibank, N.A., to Defendant for collection. Thereafter, Defendant began contacting Plaintiff attempting to collect upon the Debt.

15. On or around June 18, 2021, Defendant sent Plaintiff a collection letter via mail notifying Plaintiff of the change in account ownership and attempting to collect the Debt from Plaintiff.

16. Concerned by Defendant's collection letter, on or around July 1, 2021, Plaintiff sent Defendant a letter via fax disputing the Debt, demanding validation, verification, and proof of the Debt which Defendant claimed was owed by Plaintiff (the "Dispute"), which was confirmed to be received by Defendant.

17. In Plaintiff's Dispute, Plaintiff explicitly requested "Respond in writing via certified US post mail" and provided Defendant with Plaintiff's mailing address.

18. Defendant provided no response to Plaintiff's Dispute and Defendant never provided Plaintiff with the requested validation, verification and/or proof of the Debt.

19. Despite Plaintiff sending the Dispute to Defendant and Defendant receiving the

Dispute, Defendant decided to move forward with collection attempts against Plaintiff without validating the alleged Debt.

20. Despite Plaintiff's request to be contacted via mail only, Defendant decided to contact Plaintiff via email.

21. Specifically, three (3) months after Plaintiff's Dispute, on or around September 22, 2021, without providing Plaintiff the requested validation, verification, or proof of the Debt, Defendant sent Plaintiff a letter via email attempting to collect the Debt.

22. Upon information and belief, Defendant has not provided Plaintiff with the requested validation, verification, and/or proof of the Debt.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

### COUNT I
### VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT (FDCPA)
### 15 U.S.C. §§ 1692, et seq.

23. Plaintiff repeats, re-alleges, and incorporates by reference, all above paragraphs of the Complaint as though fully stated herein.

24. Defendant never provided Plaintiff with the requested validation, verification and/or proof of the Debt and continued to send Plaintiff collection letters in their attempt to collect on the Debt.

25. The purpose of the collection letters was to cause confusion, fear, anxiety, and embarrassment in Plaintiff; to induce Plaintiff to make payments to Defendant; and to collect on an alleged Debt that Defendant cannot legally pursue.

26. The false statements did in fact cause Plaintiff to suffer embarrassment, fear, and anxiety, which Plaintiff would not have experienced but for the false statements and representations made in the collection letters.

27. As a party who was allegedly obligated to pay a debt, Plaintiff is a "consumer," as that term is defined by 15 U.S.C. § 1692a(3).

28. Defendant, in the ordinary course of business, regularly, on behalf of itself or others, collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another party, Citibank, N.A., and is a "debt collector," as that term is defined by 15 U.S.C. § 1692a(6).

29. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reasons of a consumer credit transaction. As such, this action arises out a "debt," as that term is defined by 15 U.S.C. § 1692a(5).

30. Defendant's collection letters to Plaintiff constitute a "communication" as that term is defined by 15 U.S.C. § 1692a(2).

31. Through the above conduct, Defendant violated 15 U.S.C. § 1692d by engaging in conduct, the natural consequence of which was to harass, oppress or abuse Plaintiff by continuing collection activities without providing Plaintiff with validation, verification, and/or proof of the Debt and in complete disregard to Plaintiff's Dispute.

32. Through the above conduct, Defendant violated 15 U.S.C §§ 1692e and 1692e(10) by continuing with attempts to collect upon the alleged debt from Plaintiff without providing Plaintiff with validation, verification, and/or proof of the Debt and in complete disregard to Plaintiff's Dispute.

33. Section 1692g(b) of the FDCPA states in pertinent part that "[i]f the consumer notifies the debt collector in writing within [a] thirty-day period . . . that the debt, or any portion thereof, is disputed, or that the consumer requests the name and address of the original credit, the debt collector shall cease collection of the debt, or any disputed portion thereof, until the debt

collector obtains verification of the debt or a copy of a judgment . . ..”

34. Here, Defendant violated 15 U.S.C. § 1692g(b) by failing to provide Plaintiff with the requested validation, verification and/or proof of the Debt and continuing to contact Plaintiff in their attempt to collect the Debt.

35. As a result of each, and every violation of the FDCPA, Plaintiff is entitled to any actual damages, pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages for a knowing and willful violation in an amount up to $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A); and reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1692k(a)(3). from Defendant.

## DEMAND FOR JURY TRIAL

36. Please take notice that Plaintiff hereby demands a trial by jury in this action.

//

//

//

//

//

//

//

//

//

//

//

//

//

## REQUEST FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant, as follows:

- Finding that Defendant's conduct violated 15 U.S.C. §§ 1692, et seq. and an award of actual damages, in an amount to be determined at trial, pursuant to 15 U.S.C. § 1692k(a)(1) against Defendant.

- Granting an award of statutory damages of $1,000.00, pursuant to 15 U.S.C. § 1692k(a)(2)(A), against Defendant.

- Granting an award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3) against Defendant.

- Awarding an,y and all other relief that this Court deems just and proper.

Dated: June 24, 2022                                   Respectfully submitted,

                                                       **KAZEROUNI LAW GROUP, APC**

                                                       By: /s/ Amy Ginsburg
                                                       Amy Ginsburg, Esq.
                                                       amy@kazlg.com
                                                       245 Fischer Ave., Suite D1
                                                       Costa Mesa, CA 92626
                                                       Telephone: (214) 880-6362
                                                       Fax: (800) 635-6425

                                                       1012 N. Bethlehem Pike
                                                       Suite 103, Box #9
                                                       Ambler, PA 19002

                                                       *Attorney for Plaintiff*